on behalf of the appellant Jesus Aguilar-Garcia. And with the Court's permission, I'd like to reserve two minutes of my time for that. All right. Keep your eye on the clock, please. Thank you. I will. This case raises several issues, but two of them are closely connected, and that is the district court's failure to explain its reasons for rejecting the fast-track plea agreement and its failure to explain the ultimate sentence, which was above guidelines. The duty to explain a sentence or to explain both these decisions serves two very important goals. One is it allows this Court to conduct a meaningful appellate review, and the other is that it promotes the perception of fairness in sentencing. And what constitutes a sufficient explanation will vary depending on the circumstances, but this case presents a set of circumstances that calls out for a very substantial declaration – I mean, explanation, because the district court imposed a 60-month sentence, which was double the 30-month sentence that was jointly recommended by the probation office, the government, and the defense. Clearly, the district court doesn't have to follow that joint recommendation, but when everybody else in the process agrees on a sentence like this … That means the district judge is automatically wrong? Not wrong. The issue is failure to explain. The issue is this Court really can't figure out if what the district court did was wrong because it didn't explain a soft process as to why it was rejecting the 30-month jointly recommended sentence and imposing a sentence that was double that. Well, he tentatively accepted it, said, I want to see the PSR, right, before I finally accept it, reviewed the PSR and explained. Maybe he could have done a better job, but he nonetheless did give an explanation. This guy's criminal history is such that I don't think this is a sufficient sentence. What's wrong with that? Well, first, Your Honor, I … I disagree with him. Well, first of all, Your Honor, I would say that the explanation Your Honor gave just now was more substantial than what the judge did in this case when rejecting the plea agreement. But if you take what was said in rejecting the plea agreement and if you combine it with what was said in the sentencing, we can say that it was the criminal history as reflected in the pre-sentence report. But that's not enough. What about the criminal history? And here it's significant that the government asked the Court to take judicial notice of seven other cases that show that Judge Wilson does accept fast-track agreements in some cases. But that just raises more questions than an answer because if you look at those cases as we set forth in the reply brief, why did those defendants get the benefit of their bargain and Mr. Aguilar-Garcia did not? I mean, most of them had more criminal history points. Many of them had violent felonies, some of which were gun and gang related. So, again, without an explanation in this case as to why, keep in mind, not only did the Court reject the plea agreement, which was a four-level departure, but then said even the high end of that range without that is enough. I'm going three months above that. Why? We just don't know that. And I think that this is a case. I think you're overstating it a bit. Perhaps the explanation in your mind wasn't as full as it ought to be, but he certainly gave reasons and talked about the 3553A factors and the need for deterrence. And, again, given this particular criminal history, how he saw it, and how he felt that perhaps this time there needed to be a significant sentence, which he had not had violations in the past. Well, Your Honor, two things about that. First of all, with regard to the 3553A factors, the Court did have a paragraph of sentencing where it basically just stated the factors. And that's not explaining the sentence. Saying that these are the factors is just a statement of what the law is. It's not saying how the facts of this particular case apply to the factors. Beyond that, with regard to the very general reference to criminal history, without saying what about criminal history, we come back to those other cases that the Governor points to. And, in particular, I want to point out that both the government and the probation office, in recommending the 30-month sentence, pointed to one of those 3553A factors, the need to avoid unwarranted sentencing disparity between similarly situated defendants. Now, again, the district court doesn't necessarily have to accept that, but it has to explain. This falls into the rule that this Court and the Supreme Court has established, saying when parties raise specific non-frivolous arguments in support of a lower sentence, the Court must address them directly. Here you have the government and the probation office saying, we are intimately familiar with this fast-track program, and in our belief, this defendant fits squarely within all the other defendants in this Court and other courts that have received the benefit of this, and we think you should get the 30-month sentence.  The Court has pretty broad discretion. I mean, I think you've got to look at it in the totality of the record, and he did do an individualized determination. There was some discussion on the prior State court conviction, the criminal history, and the Court said, well, just a year after he's convicted of carrying a concealed weapon and given 30 days, the State court, you know, that wasn't he thought the sentence in the State court didn't necessarily comport with his views as to what the punishment should have been, and so he's not accepting the plea in part based on that. Isn't that an explanation or further insight into why he was troubled by the criminal history? It may be, Your Honor, and it's troubling. First of all, the government, as I pointed out in the reply brief, does not point to that. That was a comment made by the judge in response to a defense statement. And the government doesn't say that's part of the reasons. I think one of the reasons they may have avoided saying that is I think it would be improper if that was what the government – if the district court was saying, I'm punishing him for his prior offenses because I think that the State courts have this revolving-door policy that I don't agree with, that's not a relevant 3553A factor. There's nothing in 3553A that says that a court can say it's a deterrent. It's a part of the 3553A. And what he's saying is he had a violation before. He only got 30 days in jail. He also noted earlier that this is a defendant who's prone to violence. And at least in this judge's view, he felt the 30 that the agreed-upon sentence and the plea agreement was not sufficient, and here's why I'm going to go higher. Well, he didn't say this is why I'm going to go higher. He said generally it's the criminal history, but again, we're coming back to the plea bargain. It didn't accurately reflect the seriousness of the criminal history that he saw as reflected in the PSR. That's how I read it. Well, Your Honor, I disagree that that, I think, is a sufficient explanation. But if I could briefly just turn to one other issue that I think prevents independent grounds for a resentencing, and that's the issue that was discussed in the first case as well. The – even if Section 11378 is divisible, we have again here the Castillo-Marim problem very clearly on point. The government ignores that case, but in the – in two cases that were decided by the Court just last month, cited in both our Rule 28J letters, the Court recognized again. Do you see any way around a remand? No, Your Honor. I mean, and – And maybe at a second sentencing, you might get a better explanation of a sentence. We'll certainly encourage one, Your Honor, and hopefully we won't be back here again. But I do think that is a separate ground for remanding, and if the Court doesn't have any questions about that, I'll reserve the remaining time for rebuttal. All right. Thank you. Good morning, Your Honors. May it please the Court. Ashley Aul for the United States. I want to start with the divisibility and documents issue, which I think is a very interesting one. And in thinking about it during the San Diego argument, I think it's helpful to start with kind of what are we doing when we're doing the modified categorical approach at all? Why are we here? There's no rule that a district court must do that in every single case, obviously. Do what? The modified categorical approach, that you must go through it in every case that ever comes up before you. There's no rule in the Federal rules. No, but on this particular statute, there is.  for how the government meets its burden of proof to prove the nature of a particular conviction. And there are rules about how the government meets that burden of proof. You can't look to underlying facts. You look at Shepard documents. But I think the question presented in this case is what if it's not contested? What if it's been pleaded to? And I think the challenge that's at issue here is effectively akin to a sufficiency challenge after a guilty plea, saying that the government failed to present sufficient evidence of my guilt after I pleaded guilty. And that's just not the way that the system works. Well, the Ninth Circuit has said this is a plain error standard. And we look at paragraph 19 of the PSR in your particular case, and we have the same problem. We have no identification of what the documents are in the Ninth Circuit, especially in the most recent cases, clearly say that's not enough. I think it is different from Castillo-Morin. And the case that my colleague from San Diego was struggling to find earlier is Gonzales-Aparicio, which is cited in our brief. And what Castillo-Morin, and Castillo-Morin discusses the line of cases in footnote 3 that hold that you can look to an unobjected to PSR when the PSR, and this is actually language from Gonzales-Aparicio, when the PSR is, quote, evidently quoted from state court documentation that is otherwise noticeable under Shepard. And so what state court documentation does paragraph 9 refer to? I think here, looking at SCR 8, I believe that's paragraph 9, in describing the conviction, it identifies the count as possession of meth for sale, count 4, felony. I think that that's a description of the charging document of what he would ultimately was found guilty of. And we know the charging document is not enough. That's clearly. The charging document alone is not enough. But what's listed in that paragraph is the only two counts to which he was ultimately found guilty, count 1 and count 4. It doesn't go count 1, count 2, count 3, count 4. It's listing what he was convicted of. And ultimately, a charging, when someone is convicted of a particular count as described in a charging document, that's enough. But we have much more than the PSR case. Breyer. Is there a case that says that? That says that reference to a charging document is enough. In reference to a charging document alone is not enough. But, for instance, when you have a case where minutes indicate that a defendant pleaded to count 04. We don't have minutes here, do we? We don't have minutes here. We have, I think, a PSR that, as in Gonzales-Aparicio, is evidently quoted from State court documentation. But the question here is a much more interesting one, because the defendant didn't just, first, he didn't just fail to object to the PSR. In his initial sentencing position, he concurred with the guidelines range. Castillo-Marin does not have concurrence. It's just a simple failure to object. But you also have a plea to 1326b2. At defendant's plea hearing, he admitted that he had committed a drug trafficking offense with a sentence over 13 months. Here's 16 months. Which is all you needed to prove to get the sentencing enhancement later. It's exactly the same thing, and he pleaded to it. And the reason I've cited these cases that go to sort of the general operation of pleas is because that plea isn't irrelevant. That plea is important. This Court previously, in Lipsy, for instance, has held that a defendant can't challenge at sentencing a fact entailed by his plea. In Lipsy, someone pleaded to armed robbery, I believe, and then later said that he wasn't entitled to a particular enhancement for being armed. You can't do that. You pleaded to it. Similarly, Morrison. Morrison has a slightly different procedural posture. But the same principle applies. You can't contradict a fact entailed in a plea. And this Court has held, albeit in the immigration context, that for that reason, the government is relieved of its burden under the modified categorical approach when you have a admission at the pleading stage of the nature of a particular conviction, which makes sense. This is the way the system operates in general. If you plead guilty to a count, the government doesn't have to present evidence on that count. If you plead that a particular conviction was a drug trafficking offense and an It doesn't have to put in anything, let alone particular anything. And that's what the Perez-Mejia and the Pagayan cases stand for. A defendant attempts to distinguish those cases effectively. Those are immigration proceedings, though, right? They are immigration proceedings. But the modified categorical approach and the government's burden operates the same way there as here. Do you have a case that says that an admission in the plea agreement is enough? No. I mean, I think that – and it's not in the plea agreement itself. It's in the – it's entailed by the plea. I mean, if it were just an agreement, that's not a Shepard document. We don't have a written plea agreement? Well, there is a written plea agreement, but the important thing, ultimately, is the factual basis that was put forth. At the plea hearing. At the plea hearing. And I think the Perez-Mejia and the Pagayan cases really do demand quite a bit of attention in this case, because it doesn't make sense that a district – that there's no way, no way for a defendant not to contest the issue of what a prior conviction was. That unlike guilt of a particular crime, unlike other convictions that go to criminal history, that a defendant is incapable of taking the issue off the table. A defendant is capable of taking the issue off the table, and that's exactly what happened here. He pleaded to it, and then that was over. And here now, as I said, it's akin to saying evidence of my conviction – evidence of my guilt was insufficient after I pleaded guilty. And that just doesn't make any sense. It's not the way the system works. I admit it would be a harder case if it were just the PSR. It would be a harder case if it were just the PSR and concurrence in the PSR. It would be an easy case if it was just the PSR. Well, it's not quite so easy under Gonzalo Zaporizio. As I said, there is a distinction to be drawn between Castillo-Marin and here. But I think it's a very easy case and one that relies on really first principles because we have defendants plead. Has any circuit gone there and said that if you admit a drug-trafficking offense and plea colloquy that the evidentiary standards for proving up the factual basis of prior convictions are relaxed or waived? Just in the immigration decisions, which I've cited. Just in the immigration context. But in the criminal context, our circuit hasn't gone there. Not to my knowledge. Any other circuit that you can find? Also not to my knowledge. But I think that the principle that there has to be a way, like every other issue that's litigated in a criminal court, for a defendant to take the issue off the table and admit, there has to be a way to do that. It just can't be. There's no rule that a district court has to meaninglessly go through this modified categorical approach in every case, no matter what. And I think that this case is the case that indicates exactly what a defendant does to take the issue off the table. To address the remaining claims very briefly, defendants simply can't establish plain error as to any of those errors. I think in most cases, he can't establish error at all. As to the plea agreement rejection, under Morgan, the only thing the district court needed to do was provide an individualized reason. And the cases we've cited, Ellis and Harris, indicate just how brief that kind of individualized reason can be. But here, where you're going above the range, ought one not give a better explanation? Well, that ultimately goes to the sentence imposed. Yes. And that's under Rita and Cardi, as opposed to under Morgan. And as to the explanation, the case we've cited in Vanderwerfhorst, which is a mouthful, is exactly on point. Not to get overly cute, but in that case, the defendant was sentenced four years above the mandatory minimum, and more than that, above the guidelines range. The district court explained the sentence in six sentences. Here we have eight. And by the time we're getting into drawing lines between how good those sentences were, that can't be plain error. Whatever that is, it's not. Aren't we talking about the difference between the plea agreement and the sentence? So the plea agreement in this case was ultimately because it was rejected. Right. It was off the table. Your opponent says it was double, 30 to 60. Yeah. And ultimately, Your Honor, the — first of all, to the extent that there's a claim of disparity, disparities between fast-track and non-fast-track defendants are justified. No. My question really goes to when the plea agreement is rejected and the sentence is imposed that's twice what the plea agreement was, isn't there some obligation for the Court to explain why it's going that far? And I think the Court did here. I agree with Your Honor that there is a — there's a spectrum. The case is recognized as a spectrum of how much you need to say. There's that word again, spectrum. And in this case, I think the district court, at a minimum, didn't plainly fall below his obligation. The district court explained, even assuming, for instance, that the Rita and Cardi standards applied to the rejection of the plea, which they don't, but assuming they did, the district court said that based on his reading of the PSR and the defendant's plea. Well, Rita itself recognizes that in an appropriate case, you can look to the record as a whole to find explanation. Here, the district court explicitly referenced the PSR, and the PSR, I think, provides adequate explanation. No, I understand that, but I think the point made by the defense in a fairly sympathetic way is that the government has knowledge of all of the criteria that would make somebody fast-track eligible, right? And in the government's evaluation, in the defense evaluation, this was an appropriate candidate for that. And in that evaluation, the government compared this defendant's, the seriousness of this defendant's criminal history and the totality of his background with everybody else, and both parties deemed that it would be appropriate. So when you present that to the court and the court says, well, no, I don't think you're an appropriate fast-track candidate in the sense that this stipulated sentence is not appropriate for you, some general reference to the PSR doesn't give the defense a whole lot of understanding or appreciation as to why the fast-track plea agreement was rejected as the hidden versus everybody else that the government evaluated as being an appropriate candidate and district courts have accepted. I think that's the point. So how do you respond to that? I think simply focusing just on the rejection of the plea agreement, Morgan, Ellis, and Harris don't require any more than what the district court did here. The district court here gave an individualized reason for rejecting the plea agreement. Going to sentencing, regarding this as when the district judge rejects a party's argument for a below, at this point, below-guideline sentence, then Amescuo-Vazquez is the controlling case. Right. It's tied in. The two issues are tied in is what I'm saying. But I understand your argument. Right. You're over time. Thank you very much. Thank you very much. First, despite what the government argues, I do think we have a clear Castillo-Marin situation here. As the court said in that case and as the court repeated in the two cases it decided last month, Cueveda, Cordero, and Valeros-Garcia, the court is rightly frustrated when the defendant does not object. And we didn't object, and that's why we're under plain error. But it's also frustrated when the government doesn't do its job to present those Shepherd documents to the courts, even when the defendant doesn't object. But she's saying, why should we? Because your client admitted at the plea that it applied. Well, first, Your Honor. It being the enhancement. Right. Well, first, I think what the government is trying to do is taking, trying to ignore Castillo-Marin by taking what's clearly a forfeiture and trying to make it into a waiver. And it really isn't. These same exact arguments were, were briefed exactly in Cueveda, Cordero, and were rejected last month. In those cases, were there also, was there also an admission at the plea hearing or in a plea agreement? I believe in Cueveda, Cordero, I believe there was. But as I put on the brief, waiver, to get to the point of waiver, you have to have the intentional relinquishment of a known right. And the government just can't establish that here. So what we have is a failure to object, and it's plain error, and Castillo-Marin tells you exactly how to handle that, which is a remand. All right. Thank you very much. Thank you very much for both sides' argument. The matter is submitted. The last two matters on the calendar are submitted as well, and that's U.S. v. Ortega-Mora and U.S. v. Dominguez-Garcia. So we are adjourned for the day. Thank you.
judges: Zouhary, Schroeder, Nguyen